**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| <u>In re</u> | ) | **Chapter 11** |
| | ) | |
| **ERG Intermediate Holdings, LLC, et al.,** | ) | **Case No.  15-31858** |
| Debtors. | ) | **(Jointly Administered)** |
| | ) | |

**STATEMENT OF FINANCIAL AFFAIRS FOR**

**ERG Interests, LLC**

**Case No: 15-31860**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS

**ERG Interests, LLC**

**Case Number: 15-31860**

---

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

### General

The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") filed by ERG Intermediate Holdings, LLC. ("ERG") and its affiliated debtors in these jointly administered chapter 11 cases (collectively, the "Debtors") pending in the United States Bankruptcy Court for the District of Northern Texas (the "Bankruptcy Court") were prepared, pursuant to section 521 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure, by management of the Debtors, with the assistance of the Debtors' court-appointed advisors, and are unaudited. While the Debtors' management has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information that was available to it at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may have occurred. Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that these Schedules and Statements are complete. The Debtors reserve all rights to amend the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to these chapter 11 cases, including, but not limited to, issues involving substantive consolidation, equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.

The Schedules and Statements have been signed by R. Kelly Plato, Chief Financial Officer of ERG. Accordingly, in reviewing and signing the Schedules and Statements, Mr. Plato necessarily relied upon the efforts, statements, and representations of the Debtors' other personnel and professionals. Mr. Plato has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses. The Debtors' production, finance, and accounting systems were primarily designed and used to manage and track oil and gas production with a secondary focus on the creation of consolidated and consolidating financial statements. As such, certain assets, liabilities, or cash payments may have been reported on one legal entity in these Schedules and Statements; however, the beneficiary of the transaction may have been another Debtor.

These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules and Statements (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.

### Description of the Cases

On April 30, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief under the Bankruptcy Code in the Bankruptcy Court. The chapter 11 cases have been consolidated for the purpose of joint administration under Case No. 15-31858. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Each Debtor's fiscal year ends on December 31. All asset information, except where otherwise noted, is as of March 31, 2015. The liability information, except where otherwise noted, is as of the close of business on April 30, 2015. All bank balances are as of the filing date. All YTD 2015 revenue is reflected as of March 31, 2015.

### Basis of Presentation

For financial reporting purposes, prior to the Petition Date, the Debtors, along with a non-Debtor affiliate/subsidiary, prepared consolidated financial statements that were audited annually. Because not all of the direct and indirect subsidiaries of ERG are Debtors in these chapter 11 cases, combining the assets and liabilities set forth in the Schedules and Statements of the Debtors would result in amounts that could be substantially different from financial information regarding ERG and its subsidiaries that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("GAAP"). Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements prepared by the Debtors. Unlike the consolidated financial statements, these Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements. ERG accounts for its oil and gas interests under the full cost method. As such, ERG has presented its oil and gas interests as real property, net of dispositions and depletion. The fair market value of real and personal property may vary materially from the net book value presented herein.

### Amendment

Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and/or supplement the Schedules and Statements from time to time as is necessary and appropriate.

### Confidential or Sensitive Information

There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual. The alterations will be limited to only what is necessary to protect the Debtor or third party and will provide interested parties with sufficient information to discern the nature of the listing.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS

**ERG Interests, LLC**
**Case Number: 15-31860**

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

### Causes of Action

Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

### Recharacterization

The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. However, due to the complexity and size of the Debtors' business, the Debtors may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate as additional information becomes available.

### Claim Description

Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated, or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated, or "disputed." Moreover, the Debtors reserve all of their rights to amend their Schedules and Statements as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

### Unliquidated Claim Amounts

Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

### Zero Dollar Amounts

Amounts listed as zero are either $0, unliquidated or undetermined.

### Undetermined Amounts

The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

### Valuation

It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, net book values as of March 31, 2015 are reflected on the Schedules and Statements. Exceptions to this include operating cash and certain other assets. Operating cash is presented at bank balances as of the Petition Date. Certain other assets, such as investments in subsidiaries and other intangible assets, are listed at undetermined amounts, as the net book values may differ materially from fair market values. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined" and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

### Bankruptcy Court Orders

Pursuant to certain orders of the Bankruptcy Court entered in the Debtors' chapter 11 cases, the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of employees, taxing authorities, royalty parties, and certain other prepetition creditors. Accordingly, these liabilities may have been or may be satisfied in accordance with such orders and therefore generally are not listed in the Schedules and Statements.

### Dates

The information provided herein, except as otherwise noted, represents the asset data of the Debtors as of March 31, 2015 and the liability data of the Debtors as of the close of business on the Petition Date except as otherwise noted.

### Specific Notes

These General Notes are in addition to the specific notes set forth in the Schedules and Statements of the individual Debtor entities. The fact that the Debtors have prepared a Global Note with respect to a particular Schedule or Statement and not as to others does not reflect and should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any or all of the Debtors' remaining Schedules or Statements, as appropriate. Disclosure of information in one Schedule, one Statement, or an exhibit or attachment to a Schedule or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or attachment.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS

**ERG Interests, LLC**
**Case Number: 15-31860**

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS**

**Liabilities**

The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard.

**Excluded Assets and Liabilities**

The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including pension assets, employee benefit accruals, accrued accounts payable, and deferred gains. The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims may exist. In addition, certain immaterial assets and liabilities may have been excluded. Pursuant to certain Bankruptcy Court orders, the Debtors have been granted authority to pay certain prepetition obligations to, among others, employees, royalty holders, and taxing authorities. Accordingly, these liabilities may have been or may be satisfied in accordance with such orders and therefore may not be listed in the Schedules and Statements.

**Leases**

The Debtors have not included in the Schedules and Statements the future obligations of any capital or operating leases.

**Contingent Assets**

The Debtors believe that they may possess certain claims and causes of action against various parties. Additionally, the Debtors may possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws. The Debtors, despite reasonable efforts, may not have set forth all of their causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims.

The Debtors may also possess contingent and unliquidated claims against affiliated entities (both Debtor and non-Debtor) for various financial accommodations and similar benefits they have extended from time to time, including contingent and unliquidated claims for contribution, reimbursement and/or indemnification arising from, among other things, (i) letters of credit, (ii) notes payable and receivable, (iii) surety bonds, (iv) guaranties, (v) indemnities, and (vi) warranties. Additionally, prior to the relevant Petition Date, each Debtor, as plaintiff, may have commenced various lawsuits in the ordinary course of its business against third parties seeking monetary damages. Refer to each Statement, item 4(a), for lawsuits commenced prior to the relevant Petition Date in which the Debtor was a plaintiff.

**Guaranties and Other Secondary Liability Claims**

The Debtors have made reasonable efforts to locate and identify guaranties and other secondary liability claims (collectively, "Guaranties") in each of the executory contracts, unexpired leases, secured financings, debt instruments and other such agreements to which any Debtor is a party. Where Guaranties have been identified, they have been included in the relevant Schedule for the Debtor or Debtors affected by such Guaranties. The Debtors have placed the Guaranties on Schedule H for both the primary obligor and the guarantor of the relevant obligation. Guaranties were additionally placed on Schedule D or F for each guarantor, except to the extent they are associated with obligations under an executory contract or unexpired lease identified on Schedule G. It is possible that certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements may have been inadvertently omitted. The Debtors reserve their rights to amend the Schedules to the extent additional Guaranties are identified or such Guaranties are discovered to have expired or be unenforceable. In addition, the Debtors reserve the right to amend the Schedules and SOFAs and to recharacterize or reclassify any such contract or claim, whether by amending the Schedules and SOFAs or in another appropriate filing. Additionally, failure to list any Guaranties in the Schedules and SOFAs, including in any future amendments to the Schedules and SOFAs, shall not affect the enforceability of any Guaranties not listed.

**Intellectual Property Rights**

Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

**Estimates**

To prepare and file the Schedules on or around the Petition Date, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS

**ERG Interests, LLC**
**Case Number: 15-31860**

---

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

### Fiscal Year

Each Debtor's fiscal year ends on December 31.

### Currency

Unless otherwise indicated, all amounts are reflected in U.S. dollars.

### Property and Equipment

Unless otherwise indicated, owned property and equipment are stated at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third party lessors. Any such leases are set forth in the Schedules and Statements. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

### Claims of Third-Party Related Entities

While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to same.

### Interest in Subsidiaries and Affiliates

ERG directly or indirectly owns all or part of the subsidiaries and affiliates that are also Debtors. In addition, ERG indirectly owns one subsidiary and affiliate that is not a Debtor. Interests in subsidiaries arise from stock ownership. Each Debtor's Schedule B14 or Statement 18a contains a listing of the current capital structure of ERG and its Debtor and non-Debtor affiliates and includes ownership interests in the related affiliates and partnerships of each corporate affiliate.

### Umbrella Or Master Agreements

Contracts listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement.

### Insiders

The Debtors have attempted to include all payments made over the 12 months preceding the Petition Date to any creditor deemed an "insider." For these purposes, "insider" is defined as (1) a creditor or entity owning 5% or greater of any class of ERG common stock, (2) an individual appointed by the Manager of ERG or (3) an entity related to an insider, including entities owned or controlled by Scott Y. Wood. The listing of a creditor as an "insider," however, is not intended to be nor should be construed as a legal characterization of such creditor as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.

### Payments

The financial affairs and business of the Debtors are complex. Prior to the Petition Date, the Debtors participated in a consolidated cash management system through which certain payments were made by one entity on behalf of another. Certain payments in the Schedules and Statements may have been made prepetition by one entity on behalf of another entity. The Debtors intercompany accounts reflect the net position of both the receipts and disbursements received or made on behalf of other Debtors.

### Totals

All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements.

# STATEMENT OF FINANCIAL AFFAIRS

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS

**Chapter 11**

In re: **ERG Interests, LLC**  Case Number: **15-31860**

Debtor.

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**See Attachment 1 to the Statement of Financial Affairs**

**2.  Income other than from employment or operation of business**

None

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the  **two year** immediately preceding the commencement of this case.  Give particular If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

**See Attachment 2 to the Statement of Financial Affairs**

**3.  Payments to Creditors**

*Complete a. or b., as appropriate, and c.*

None ☑

*a. Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑

b.*Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within  **90 days**  immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑

c.*All debtors:*   List all payments made within **one year**  immediately preceeding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**4.  Suits, executions, garnishments, and attachments**

None

a.  List all suits and administrative proceedings to which the debtor is or was a party within  **one year**  immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**See Attachment 4a to the Statement of Financial Affairs**

None ☑

b.  Describe all property that has been attached, garnished, or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

2

**5. Repossessions, foreclosures, and returns**

None ☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**6. Assignments and receiverships**

None ☑

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**7. Gifts**

None ☑

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**8. Losses**

None ☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 o chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**9. Payments related to debt counseling or bankruptcy**

None ☑

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, or consultation concerning debt consolidation, relief under the bankruptcy laws, preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

**10. Other transfers**

None ☑

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the Debtor transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

b. List all property transferred by the debtor within **two years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

---

**11.  Closed financial accounts**

None
☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**12.  Safe deposit boxes**

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**13.  Setoffs**

None
☑

List all setoffs made by any creditor, including a bank, against debts or deposit of the debtor within   **90 days** preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**14.  Property held for another person**

None
☑

List all property owned by another person that the debtor holds or controls.

---

**15.  Prior address of debtor**

None
☐

If the debtor has moved within the **three years**  immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

**See Attachment 15 to the Statement of Financial Affairs**

---

None
☑

**16.  Spouses and Former Spouses**

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington or Wisconsin) within **eight-years** immediately preceding the commencement of this case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**17. Environmental Information**

For the purposes of this questions, the following definitions apply:

"Environmental Law" means any federal, state, of local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
☑

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None
☑

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None
☑

c. List all judicial or administrative proceedings, including settlements or order, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

**18. Nature, location, and names of business**

None
☐

a. *If the debtor is an individual,* list the names, addresses and taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six-years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting of equity securities within the **six-years** immediately preceding the commencement of this case

   *If the debtor is a partnership,* list the names, addresses and taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the **six-years** immediately preceding the commencement of this case.

   *If the debtor is a corporation,* list the names, addresses and taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the **six-years** immediately preceding the commencement of this case.

**See Attachment 18a to the Statement of Financial Affairs**

None
☑

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the **six-years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sold proprietor or otherwise self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19.  Books, records and financial statements**

None    a.  List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this
☐       bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

**See Attachment 19a to the Statement of Financial Affairs**

None    b.  List all firms or individuals who within the **two years** immediately preceding the filing of this
☐       bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

**<u>NAME AND ADDRESS</u>**

**See Attachment 19b to the Statement of Financial Affairs**

None    c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books
☐       of account and records of the debtor.  If any of the books of account and records are not available, explain.

**See Attachment 19c to the Statement of Financial Affairs**

None    d.  List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom a
☐       financial statement was issued within the **two years** immediately preceding the commencement of this case by the
        debtor.
**See Attachment 19d to the Statement of Financial Affairs**

**20.  Inventories**

None    a.  List the dates of the last two inventories taken of the debtor's property, the name of the person who supervised
☑       the taking of each inventory, and the dollar amount and basis of each inventory.

None    b.  List the name and address of the person having possession of the records of each of the two inventories
☑       reported in a., above.

**21. Current Partners, Officers, Directors and Shareholders**

None
☑

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

None
☐

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent of more of the voting or equity securities of the corporation.

**See Attachment 21b to the Statement of Financial Affairs**

**22. Former partners, officers, directors, and shareholders.**

None
☑

a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

None
☐

b. If the debtor is a corporation, list all officers, or directors whose relationships with the corporation terminated within **one year** immediately preceding the commencement of this case.

**See Attachment 22b to the Statement of Financial Affairs**

**23. Withdrawals from a partnership or distributions by a corporation**

None
☑

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

**24. Tax Consolidation Group**

None
☐

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the **six-years** immediately preceding the commencement of this case.

**See Attachment 24 to the Statement of Financial Affairs**

**25. Pension Funds**

None
☑

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six-years** immediately preceding the commencement of this case.

7

**ERG Interests, LLC**                                                                                          **Attachment 1**
**Case Number: 15-31860**

**Income from employment or operation of business**

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year.

| Source | Amount |
| --- | --- |
| 12/31/2013 OPERATING REVENUE | $5,032,838 |
| 12/31/2014 OPERATING REVENUE | $5,874,753 |
| YTD 2015 OPERATING REVENUE (THROUGH 3/31/2015) | $459,173 |

**ERG Interests, LLC**                                                                                  **Attachment 2**
**Case Number:  15-31860**

**Income other than from employment or operation of business**

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case.

| Source | Amount |
| --- | --- |
| 12/31/2013 OTHER REVENUE | $0 |
| 12/31/2014 OTHER REVENUE | $0 |
| YTD 2015 OTHER REVENUE (THROUGH 3/31/2015) | $0 |

**ERG Interests, LLC**
**Case Number: 15-31860**

**Attachment 4a**

**Suits and administrative proceedings, executions, garnishments and attachments**

List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case

| Caption Of Suit And Case Number | Nature Of Proceeding | Court Or Agency And Location | Status Or Disposition |
|---|---|---|---|
| CLMG CORP. AS PLAINTIFF | FORECLOSURE ACTION | SUPERIOR COURT OF CALIFORNIA COUNTY OF SANTA BARBARA | DISMISSED WITHOUT PREJUDICE |

**ERG Interests, LLC**
**Case Number: 15-31860**

**Attachment 15**

**Prior address of debtor**

If debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case

| Address | Name Used | Dates |
| --- | --- | --- |
| 500 DALLAS STREET<br>SUITE 2800<br>HOUSTON, TX 77002 | ERG INTERESTS, LLC | October 28, 2011 through August 1, 2012 |

ERG Intermediate Holdings, LLC
**SOFA 18a**



# Corporate Organization Structure



ERG Intermediate
Holdings, LLC
(TX)
(Debtor in Possession)
Date of Formation: 11/28/12
EIN: 46-1372521

**100%**

ERG Resources, LLC
(TX)
(Debtor in Possession)
Date of Formation: 10/12/99
EIN: 76-0620408

**100%**

West Cat Canyon, LLC
(TX)
(Debtor in Possession)
Date of Formation:  3/29/12
EIN: 45-5197377

ERG Interests, LLC
(TX)
(Debtor in Possession)
Date of Formation:  1/15/13
EIN: 46-1802081

ERG Operating
Company, LLC (TX)
(Debtor in Possession)
Date of Formation: 11/23/09
EIN: 27-2448385

ERG Holdings, LLC
(Non-Debtor)
(TX)

## SOFA 18a - Cont'd.

**Subsidiary Entities Sold or Merged**

| Company Name | Date Disposed | Disposition Reason | Continuing Involvement |
|---|---|---|---|
| ERG Operating Company, Inc. | February 2006 | Merged with ERG Resources, LLC | None |
| Galveston Bay Energy, LLC | January 2011 | Sold to Strategic Resources | None |
| Diasu Holdings, LLC | October 2011 | Sold to LINC Energy | None |
| Diasu Oil & Gas, Inc. | October 2011 | Sold to LINC Energy | None |
| Paen Insula Holdings, LLC | October 2011 | Sold to LINC Energy | None |
| TABBS Bay Water Company | October 2011 | Sold to LINC Energy | None |

**ERG Interests, LLC**                                                                                                    **Attachment 19a**
**Case Number:  15-31860**

**Books, records and financial statements**

List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor

| Name And Address | Dates Services Rendered |
|---|---|
| BRUCE MCCONNELL - CONTROLLER<br>333 CLAY STREET<br>SUITE 4400<br>HOUSTON, TX 77002 | 4/2013-2/2015 |
| R. KELLY PLATO - CHIEF FINANCIAL OFFICER<br>333 CLAY STREET<br>SUITE 4400<br>HOUSTON, TX 77002 | 4/2013-PRESENT |
| LISA TOLER - FINANCIAL MANAGER/TREASURER<br>333 CLAY STREET<br>SUITE 4400<br>HOUSTON, TX 77002 | 4/2013-PRESENT |
| KATHY FRIESEN - ACCOUNTANT/CONTROLLER<br>4900 CALIFORNIA AVENUE<br>SUITE 300B<br>BAKERSFIELD, CA 93309 | 4/2013-PRESENT |

**ERG Interests, LLC**                                                                                    **Attachment 19b**
**Case Number:  15-31860**

**Books, records and financial statements**

List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account
and records, or prepared a financial statement of the debtor

| Name | Address | Dates Services Rendered |
|------|---------|-------------------------|
| LAPORTE SEHRT ROMIG HAND | 1770 ST. JAMES PLACE SUITE 250 HOUSTON, TX 77056 | 2012-PRESENT |

**ERG Interests, LLC**                                                                                   **Attachment 19c**
**Case Number:  15-31860**

**Books, records and financial statements**

List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.

| Name | Address |
| --- | --- |
| R. KELLY PLATO - CHIEF FINANCIAL OFFICER | 333 CLAY STREET<br>SUITE 4400<br>HOUSTON, TX 77002 |
| LISA TOLER - FINANCIAL MANAGER/TREASURER | 333 CLAY STREET<br>SUITE 4400<br>HOUSTON, TX 77002 |
| KATHY FRIESEN - ACCOUNTANT/CONTROLLER | 4900 CALIFORNIA AVENUE<br>SUITE 300B<br>BAKERSFIELD, CA 93309 |

**ERG Interests, LLC**                                                                                       **Attachment 19d**
**Case Number: 15-31860**

**Books, records and financial statements**

List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

## Name And Address

MACQUARIE CAPITAL (USA), INC.
125 W 55TH STREET
NEW YORK, NY 10019

LNV CORPORATION C/O BEAL BANK
1970 VILLAGE CENTER CIRCLE
SUITE 1
LAS VEGAS, NV 89134

STEPHENS, INC.
300 CRESCENT COURT
SUITE 600
DALLAS, TX 75201

OPPORTUNE, LLP
340 MADISON AVENUE
19TH FLOOR
NEW YORK, NY 10173

HIGHBRIDGE CAPITAL MANAGEMENT, LLC
40 WEST 57TH STREET
FLOOR 32
NEW YORK, NY 10019

NALCO COMPANY
7705 HIGHWAY 90-A
SUGAR LAND, TX 77478

DEPARTMENT OF THE TREASURY: CFIUS CASE 14-130
COMMITTEE ON FOREIGN INVESTMENT IN THE UNITED
STATES
1500 PENNSYLVANIA AVENUE N.W.
ROOM 5221
WASHINGTON, D.C. 20220

GOLDLEAF JEWELRY CO. LTD.
NO. 118 QINGSHAN WEST ROAD
YICHUN DISTRICT
YICHUN, HEILONGJIANG 153000
CHINA

**Specific Notes**

In the ordinary course of business, the Debtor provides finanical information to certain parties such as banks, auditors, potential investors, vendors and financial advisors. The Debtor does not maintain complete lists to track such disclosures. As such, this list may not be inclusive of all parties who have received financial information.

**ERG Interests, LLC**                                                                                     **Attachment 21b**
**Case Number:  15-31860**

### Current Partners, Officers, Directors and Shareholders

If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| Name And Address | Title | Nature And Percentage Of Stock Ownership |
|---|---|---|
| REBECCA A. ROOF<br>333 CLAY STREET<br>SUITE 4400<br>HOUSTON, TX 77002 | CHIEF RESTRUCTURING<br>OFFICER | |
| R. KELLY PLATO<br>333 CLAY STREET<br>SUITE 4400<br>HOUSTON, TX 77002 | CHIEF FINANCIAL<br>OFFICER | |
| ERG RESOURCES, LLC<br>333 CLAY STREET<br>SUITE 4400<br>HOUSTON, TX 77002 | | 100.00% |

**Specific Notes**

Rebecca A. Roof and R. Kelly Plato were not appointed officers until the filing of the Voluntary Petitions. For additional information, please see Corporate Resolutions attached to Voluntary Petitions (Docket Number 1).

**ERG Interests, LLC**                                                                                              **Attachment 22b**
**Case Number:  15-31860**

**Former partners, officers, directors and shareholders**

If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case

| Name And Address | Title | Date Of Termination |
|---|---|---|
| SCOTT Y. WOOD<br>333 CLAY STREET<br>SUITE 4400<br>HOUSTON, TX 77002 | MANAGER, PRESIDENT, AND SECRETARY | 4/30/2015 |

**ERG Interests, LLC**
**Case Number:  15-31860**

**Attachment 24**

**Tax Consolidation Group**

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case

| Name Of Parent Corporation | Taxpayer-Identification Number (EIN) |
| --- | --- |
| ERG INTERMEDIATE HOLDINGS, LLC | 46-1372521 |

**ERG Interests, LLC**

**Case Number:  15-31860**

# DECLARATION CONCERNING DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date: _____ June 1, 2015 _____

Signature: _____

R. Kelly Plato, Chief Financial Officer
**Name and Title**

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*